UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDEE B.,

   Plaintiff,

  -against-

ROBERT F. KENNEDY, JR.
*Secretary of Health & Human Services, in his official capacity*,

   Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/20/26___

25-CV-5442 (PAE) (BCM)

**CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order:

1.   <u>Handling of the Electronic Docket</u>. Defendant's letter-motion (Dkt. 16) is GRANTED to the extent that the Court will: (1) limit remote electronic access to the case file pursuant to Federal Rule of Civil Procedure 5.2(c); (2) permit the redaction of certain sensitive photographs in the Certified Administrative Record (CAR) (Dkt. 18); and (3) maintain the unredacted version of the CAR under seal. (Dkt. 17.)

2.   <u>Discovery Not Required</u>. Federal court review of administrative determinations regarding entitlement to Medicare benefits is generally based on a "closed administrative record." *Matthews v. Weber*, 423 U.S. 261, 270 (1976); *see also Calvary Hosp., Inc. v. Becerra*, 762 F. Supp. 3d 360, 372 (S.D.N.Y. 2025), *objections overruled sub nom. Calvary Hosp., Inc. v. Kennedy*, 2025 WL 2106156 (S.D.N.Y. July 25, 2025). Accordingly, there will be no further discovery.

3.   <u>Merits Briefs</u>. Defendant's merits brief is due no later than **April 24, 2026**. Plaintiff's merits brief is due no later than **May 29, 2026**. Defendant's reply brief is due no later than **June 12, 2026**. Plaintiff's reply brief is due no later than **June 26, 2026.**

4.   <u>Courtesy Copies</u>. The parties are reminded that pursuant to Judge Moses's Individual Practices § 1(d), for submissions containing more than one attachment or exhibit (such as the CAR), a paper courtesy copy of the entire submission must be promptly delivered to chambers by mail, overnight courier, or hand delivery. The courtesy copy should bear the ECF headers generated at the time of electronic filing and include tabs for the attachments.

5.   <u>Pro Bono Counsel</u>. Plaintiff advised the Court of her intent to request the appointment of pro bono counsel. In civil cases like this one, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police*

*Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "[b]road discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [her] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. As a threshold matter, plaintiff must demonstrate that her claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61. To request pro bono counsel, plaintiff must submit a letter-motion addressing these factors.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. 16; update the Nature of the Suit to 861: HIA (1395ff); limit remote electronic access to the case file pursuant to Federal Rule of Civil Procedure 5.2(c); and maintain the unredacted version of the CAR (Dkt. 17) under seal, at the "selected parties" level.

Dated: New York, New York
      March 20, 2026                          **SO ORDERED**.

                                   _____

                                   **BARBARA MOSES**
                                   **United States Magistrate Judge**

2