UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDEE B.,

        Plaintiff,

    -against-

ROBERT F. KENNEDY, JR.
*Secretary of Health & Human Services, in his official capacity,*

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/26

25-CV-5442 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed plaintiff's letter (Dkt. 23), dated March 20, 2026, requesting the appointment of pro bono counsel.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant that is otherwise unable to afford an attorney. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). In determining whether to grant an indigent litigant's application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private

counsel, [her] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Id.* at 172.

The Court has applied these factors and determines that plaintiff's application for the appointment of counsel must be DENIED. First, plaintiff has not demonstrated that she is unable to pay for private counsel, nor has she addressed whether she has made any independent efforts to obtain a lawyer. *See Sears Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (per curiam) (stating that 28 U.S.C. § 1915 "only allows appointment where a litigant is indigent"); *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (explaining that the court "must first ascertain whether the litigant is able to afford . . . counsel"); *Hodge*, 802 F.2d at 61 ("[T]he language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."); *Tevdorashvili v. Airway*, 2024 WL 5471281, at *2 (E.D.N.Y. Apr. 23, 2024) (collecting cases establishing the threshold requirements of "indigent status" and "ability to independently obtain counsel").

Plaintiff's letter fails to address either of these factors. The only relevant information in the record as to plaintiff's ability to pay is her June 30, 2025 application to proceed *in forma pauperis* (Dkt. 2), in which she details her financial condition, including her income sources, savings, property holdings, and monthly expenses. On August 14, 2025, the Honorable Laura Taylor Swain, Chief United States District Judge, denied plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1), finding that "[p]laintiff has sufficient assets to pay the [filing] fees." (Dkt. 5.) While retaining counsel requires a more substantial outlay than paying the initial filing fee, I am not convinced, after reviewing plaintiff's previously filed financial information, that she is indigent.

In addition, plaintiff has not persuaded the court that she will be unable to "gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. As previously noted (*see* Dkt. 22 ¶ 2), federal court review of administrative determinations regarding entitlement to Medicare benefits is generally based on a "closed administrative record." *Matthews v. Weber*, 423 U.S. 261, 270 (1976); *see also Calvary Hosp., Inc. v. Becerra*, 762 F. Supp. 3d 360, 372 (S.D.N.Y. 2025), *objections overruled sub nom. Calvary Hosp., Inc. v. Kennedy*, 2025 WL 2106156 (S.D.N.Y. July 25, 2025). Accordingly, this case does not require the type of "substantial factual investigation" that often warrants the appointment of pro bono counsel. *See Hodge*, 802 F.2d at 61.

While the Court is sympathetic to plaintiff's concerns regarding her ability to research certain issues that may arise in the parties' merits briefs, unfortunately, this challenge is not unique to plaintiff. Volunteer attorney time is a precious commodity and, thus, the Court cannot grant requests for pro bono counsel to every litigant in plaintiff's situation. *Cooper*, 877 F.2d at 172. Accordingly, plaintiff's request is denied.

Dated: New York, New York
      March 31, 2026               **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**